UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DIANA DELK-MCCAULEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:11-cv-03837 |
| | § | |
| PAUL S. JACOBS, Individually; and | § | |
| PAUL JACOBS, P.C. d/b/a THE JACOBS | § | |
| LAW FIRM, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFFS' MOTION FOR SANCTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff DIANA DELK-MCCAULEY files this Motion for Sanctions, and requests that the Court end months of delay and obstruction of the discovery process by Defendants, which includes but is not limited to Defendants' failure to comply with United States Magistrate Judge Frances Stacy's Order of December 5, 2012. Plaintiff requests that the Court either render default judgment against Defendants pursuant to Rule 37(b)(2)(A)(vi), or in the alternative that the Court apply other sanctions under Rule 37 that have the effect of establishing Plaintiff's claims or of prohibiting Defendants from introducing evidence to dispute those claims. If the Court is not inclined to grant the relief requested, Plaintiff requests that the discovery period be reopened, that the trial date be reset, and that Plaintiff be awarded her reasonable attorney's fees incurred in dealing with Defendants' obstruction of the discovery process and contempt of court.

FACTUAL & PROCEDURAL BACKGROUND

1. Plaintiff is a paralegal who sued Defendants on October 31, 2011 (Doc. #1) alleging violations of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA"), specifically for their failure to pay her overtime.

1

2. Defendants answered on December 12, 2011 (Doc. #6).

3. Counsel for the Parties conducted their Rule 26(f) conference on February 16, 2012 and filed their Joint Discovery/Case Management Plan on February 26, 2012. (Doc. #13).

4. On February 29, 2012, Plaintiff served Defendants with her initial disclosures.

5. On March 8, 2012, the Court issued the Scheduling/Docket Control Order (Doc. #17).

6. On August 4, 2012, Defendants served Plaintiff with their initial disclosures. (Doc. #19).

7. On September 21, 2012, Plaintiff served Defendants with her First Interrogatories, First Request for Admissions, and First Request for Production via hand delivery. Defendants' responses to the discovery were accordingly due by Sunday October 21, 2012.

*The First Attempt to Get Defendant Jacobs' Deposition*

8. On October 16, 2012, Plaintiff's counsel (a) made two telephone calls to Defendants' offices to request a deposition date for Paul S. Jacobs; (b) faxed a letter to Mr. Jacobs requesting a deposition date; and (c) sent an email to Mr. Jacobs requesting a deposition date.

9. On October 17, 2012, in the absence of a response to the previous day's efforts to communicate with Mr. Jacobs, Plaintiff's counsel noticed Mr. Jacobs' deposition for 10:00 a.m. on Monday, October 22, 2012.

10. On Monday, October 22, 2012, Mr. Jacobs failed to appear for his deposition. Plaintiff's counsel called Mr. Jacobs' offices to inquire about his whereabouts, and was informed by Mr. Jacobs' staff that he was unavailable. A certificate of nonappearance was

then taken by the court reporter. <u>See</u> Certificate of Non-Appearance dated October 22, 2012, attached hereto as Exhibit "A."

11. Belatedly stirred to action by Plaintiff's counsel's courtesy call, Defendant Jacobs filed a motion to quash his deposition at 5:46 p.m. on Monday, October 22, 2012, almost eight hours after the scheduled start of the deposition, (Doc. #22).

*The Court Gets Involved*

12. On Wednesday, October 24, 2012, the Clerk of the Court issued a Notice of Referral which referred the deposition issue to United States Magistrate Judge Frances Stacy. (Doc. #23).

13. On Thursday, October 25, 2012, Mr. Jacobs telephoned Plaintiff's counsel and stated that he was very busy but that he intended to check his schedule and to advise Plaintiff's counsel in the near future of a date upon which Mr. Jacobs could make himself available for deposition, either the week of October 29, 2012 or the week of November 5, 2012.

14. The following day, Friday, October 26, 2012, Plaintiff's counsel received by mail Defendants' Objections and Responses to Plaintiff's First Interrogatories, First Request for Admissions, and First Request for Production. Nothing was produced, and the responses consisted almost entirely of specious objections. The mailing was dated October 22, 2012.

15. On Wednesday, October 31, 2012, Plaintiff's counsel telephoned Defendant's law office several times to request a rescheduling of the deposition as well as the withdrawal of the Motion to Quash. Mr. Jacobs did not take the calls, so Plaintiff's counsel left messages on his voicemail and with Mr. Jacobs' paralegal indicating an intention to file a motion to

3

compel if cooperation on discovery matters was not forthcoming. Defendants did not respond.

16. On November 13, 2012, Plaintiff filed her Motion To Compel Defendants To Answer Interrogatories, To Produce Documents, To Justify The Sufficiency Of Their Denials Of Requests For Admissions, And To Appear For Deposition. (Doc. #24).

17. On December 5, 2012, Plaintiff filed her Emergency Motion For Relief From Scheduling Order And For Ruling On Pending Motion To Compel. (Doc. #25).

18. Later in the day on December 5, 2012, the Honorable Frances M. Stacy issued an order that (a) granted Defendant Jacobs' Motion to Quash as to the deposition that had been scheduled for October 22, 2012; and (b) granted in part and denied in part Plaintiff's Motion to Compel. (Doc. #26). Specifically, Judge Stacy ordered Defendant Jacobs to make himself available for deposition no later than December 17, 2012, and ordered that Defendant Jacobs meet with opposing counsel no later than December 19, 2012, and that he be prepared to produce documents responsive to the discovery requests at the time of the meeting. Id. at 2-3

*The Battle To Get Compliance With The Order*

19. Still later in the day on December 5, 2012, Plaintiff's counsel wrote to Defendant Jacobs, transmitted a courtesy copy of Judge Stacy's order, and requested dates for Defendant Jacobs' deposition and for the in-person discovery conference. See Mabry Letter of December 5, 2012, attached hereto as Exhibit "B."

20. On December 6, 2012, Defendant Jacobs sent a letter to Plaintiff's counsel which was dated October 22, 2012, and which made no mention of Plaintiff's letter of December 5, 2012. See Jacobs Letter of December 6, 2012, attached hereto as Exhibit "C." Instead, the letter requested that Plaintiff's counsel identify dates on which Defendant Jacobs' deposition

could be taken. Id. Plaintiff's counsel replied by letter the same day indicating his availability on December 12, 13, 14 or 17 and further requesting a date for the discovery conference ordered by Judge Stacy. See Mabry Letter of December 6, 2012, attached hereto as Exhibit "D."

21. On December 10, 2012, Plaintiff's counsel again wrote to Defendant Jacobs to request a date for his deposition and noting that if Defendant Jacobs' silence continued, that his deposition would be noticed for December 17, 2012. See Mabry Letter of December 10, 2012, attached hereto as Exhibit "E."

22. On December 11, 2012, in the face of continued silence, Plaintiff's counsel noticed Defendant Jacobs' deposition for December 17, 2012. See Notice of Oral Deposition and Transmittal Letter dated December 11, 2012, attached hereto as Exhibit "F." The transmittal letter also offered to move the deposition to December 12, 13 or 14 if Defendant Jacobs preferred. Id.

*Efforts To Make The Discovery Conference Happen*

23. On December 12, 2012, in the face of continued silence, Plaintiff's counsel sent another letter to Defendant Jacobs which reviewed the various attempts made by Plaintiff's counsel to comply with Judge Stacy's Order of December 5, 2012, and which indicated Plaintiff's counsel's intention to go to Defendant Jacobs' offices at 1:00 p.m. on Friday December 14, 2012 in order to hold the in-person discovery conference ordered by Judge Stacy. See Mabry Letter of December 12, 2012, attached hereto as Exhibit "G."

24. On December 14, 2012, still with no response from Defendant Jacobs, Plaintiff's counsel traveled to Defendant Jacobs' offices in an attempt to meet with him. Upon Plaintiff's counsel's arrival at 1:00 p.m., one of Defendant Jacobs' paralegals indicated that

5

he was not in the office, but that he was at that very moment speaking by telephone with his other paralegal who was present in the office. Plaintiff's counsel then requested that Defendant Jacobs be apprised of the presence of his visitor, and sat down to await some form of communication. At approximately 1:15 p.m., Defendant Jacobs telephoned to his office to speak with Plaintiff's counsel. After some initial reluctance, Defendant Jacobs agreed to meet at 2:00 p.m. In the event, Defendant Jacobs arrived at his offices at 2:30 p.m.

25. Counsel then conferred for approximately 80 minutes. The balance of the discussion related to Defendant Jacobs' challenges to his liability in the case. Defendant Jacobs had no documents available for review. Instead, he proposed that the deposition scheduled for Monday December 17, 2012 be postponed and that documents be produced at a later date. Plaintiff's counsel demurred on the grounds that this would not comply with Judge Stacy's order. Eventually a compromise was reached: Defendant Jacobs agreed to appear for his deposition on December 17, 2012, at which time counsel would note on the record an agreement to suspend the deposition until December 24, 2012, as well as Defendant's Jacobs' agreement to produce documents by Friday December 21, 2012 so that Plaintiff's counsel could prepare for the resumption of the deposition on Monday December 24th. Note that the date of the deposition resumption was selected by Defendant Jacobs; the fact that December 24th was Christmas Eve was discussed; and Defendant Jacobs indicated that it was a good date for him. Accordingly, Plaintiff's counsel agreed to a resumption of the deposition on Christmas Eve.

*Deposition No-Shows: Rounds Two and Three*

26. On the morning of Monday December 17th, Defendant Jacobs telephoned and requested that the start of his deposition be moved from 10:00 a.m. until 3:00 p.m. Plaintiff's

counsel agreed. Later in the day, Defendant Jacobs telephoned and expressed a desire to appear by telephone. Plaintiff's counsel again agreed. The deposition was begun later that afternoon, and the discovery compromise reached on December 14th was put into the record. See Transcript of December 17, 2012 Deposition of Paul S. Jacobs, attached hereto as Exhibit "H." In response to the court reporter's expressed concern that she could not swear in a deponent who had telephoned in remotely, Plaintiff's counsel noted that Defendant Jacobs was an officer of the court and that his testimony of record should be binding. Id. at 4:17-20. Defendant Jacobs agreed. Id.

27. Notwithstanding Defendant Jacobs' agreement on the record to produce documents by Friday, December 21, 2012, no documents were produced on that date, nor on any date since.

28. On Monday, December 24, 2012, Plaintiff's counsel traveled to Defendant Jacobs' offices for the scheduled resumption of his deposition. The office was closed. Plaintiff's counsel then telephoned Defendant Jacobs' office on the off chance that he might be in the back of the office, but no one answered the telephone. Plaintiff's counsel and the court reporter waited thirty minutes for Defendant Jacobs to arrive. After thirty minutes of standing outside of Defendant Jacobs' locked office with no other arrivals, another certificate of non-appearance was taken. See Certificate of Non-Appearance dated December 24, 2012, attached hereto as Exhibit "I."

ARGUMENT & AUTHORITIES

29. The purpose of sanctions is to secure compliance with the discovery rules, to deter violation of discovery rules by others, and to punish parties for discovery violations. See National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643, 96 S.Ct.

7

2778, 2781 (1976). Defendant Jacobs failed to comply with Judge Stacy's Order of December 5, 2012, which required him to present himself for deposition and to produce documents for review by a date certain. He has systematically stonewalled and delayed discovery. After months of effort, Plaintiff remains without the benefit of Defendant Jacobs' deposition testimony or of any of the documents she requested in discovery. Defendant Jacobs' only document production came in the context of his Initial Disclosures made on August 4, 2012, and those consisted entirely of 42 pages of emails which he apparently believes place Plaintiff in a bad light. (Doc. #19-1). Notwithstanding the discovery propounded on him in September 2012, and notwithstanding Judge Stacy's Order of December 5, 2012, Defendant Jacobs produced no records of Plaintiff's hours worked; no records of her pay; and nothing from her employee file. See, e.g., Plaintiff's Motion to Compel at Exhibit "B" (Doc. #24-2 at Pages 17-20). Plaintiff is suing for unpaid overtime and for compensation for Defendant Jacobs' retaliatory termination of Plaintiff's employment once he learned that she was in contact with the undersigned counsel concerning her claim for overtime pay. Plaintiff is entitled to discovery on these points. Trial in this cause is set for May 2012.

30. Rule 37(b)(2) of the Federal Rules of Civil Procedure gives the Court power to sanction parties and their counsel for failing to obey a court order. Id. Defendant Jacobs is not only a party, he is an attorney and an officer of the Court. He is personally responsible for the continued obstruction of the discovery process and for his failure to comply with an order of this Court. See Coane v. Ferrara Pan Candy Co., 898 F.2d 1030, 1033 (5th Cir. 1990) (noting that attorney who stonewalled discovery, ignored court orders, and delayed his opponent's preparation for trial was appropriately sanctioned with dismissal of his claims).

In this case, Plaintiff submits that entry of default judgment in her favor pursuant to Rule 37(b)(2)(A)(vi) is appropriate.  In the alternative, Plaintiff requests that the Court impose any of the other sanctions under Rule 37(b)(2)(A) that have the effect of establishing Plaintiff's claims or of prohibiting Defendants from introducing evidence to dispute those claims.  Id. Yet again in the alternative, and only if the Court is not inclined to grant the relief requested, Plaintiff requests that the discovery period be reopened, that the trial date be reset, and that Plaintiff be awarded her reasonable attorney's fees incurred in dealing with Defendants' obstruction of the discovery process.

PRAYER

Plaintiff prays that the Court grant her Motion for Sanctions and grant her the relief requested under Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure, and to grant her such other and further relief to which she may be entitled at law or in equity.

Respectfully submitted,

**THE MABRY LAW FIRM, PLLC**

By:  /s/ Alex Mabry
  Alex Mabry
  State Bar No. 00792043
1300 McGowen Street
Houston, Texas 77004
Telephone: 832-350-8335
Facsimile:  713-621-1449
**ATTORNEY IN CHARGE**
**FOR PLAINTIFF DIANA DELK-MCCAULEY**

**CERTIFICATE OF CONFERENCE**

I hereby certify that, in addition to the prior months of fruitless communication with Paul S. Jacobs on the issues raised in this motion, I also telephoned his office on February 1, 2013 and attempted to speak with him concerning this motion. Mr. Jacobs did not answer the telephone, and I left a message indicating my intention to file the instant motion.

                                                        /s/ Alex Mabry
                                                         Alex Mabry

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of February 2013, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system which will send notification of said filing to the following counsel of record for Defendants:

Paul S. Jacobs
THE JACOBS LAW FIRM
2603 Augusta Drive, Suite 450
Houston, Texas 77057

                                                        /s/ Alex Mabry
                                                         Alex Mabry