IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DIANA DELK-MCCAULEY, § § Plaintiff, § § V. § PAUL S. JACOBS, individually, and PAUL § JACOBS, P.C. d/b/a THE JACOBS LAW § FIRM, § § Defendants. § | CIVIL ACTION NO. H-11-3837 |

## ORDER

Before the Magistrate Judge upon referral from the District Judge is Plaintiff's Motion for Sanctions (Document No. 27). In that motion, Plaintiff complains about Defendant Jacobs' failure to participate in discovery and his failure to comply with the Order entered on December 5, 2012, which required him to appear for his deposition on or before December 17, 2012. According to Plaintiff, he has attempted to scheduled Defendant Jacobs' deposition for some time, and after the filing of the December 5, 2012, met with Defendant Jacobs to discuss scheduling his deposition. At that time, the parties agreed to appear for his deposition by phone on December 17, 2012, agreed to continue his deposition in person on December 24, 2012, and agreed to produce documents responsive to Plaintiff's requests for production by December 21, 2012. While Defendant Jacobs did appear by phone for the start of his deposition on December 17, 2012, he failed to appear for the continuation of his deposition on December 24, 2012, and failed to produce any responsive documents. Plaintiff seeks, as sanctions, the entry of a default judgment against Defendant Jacobs, or alternatively any other sanctions "that have the effect of establishing Plaintiff's claims or of

prohibiting Defendants from introducing evidence to dispute those claims." (Document No. 27 at 9). Defendants have not, to this date, filed a response to Plaintiff's Motion for Sanctions.

Under FED. R. CIV. P. 37(b), a party may be sanctioned for failing to comply with a discovery order. Such sanctions may include deeming certain matters admitted, prohibiting the use or introduction of certain evidence, striking pleadings or parts thereof, dismissing an action, entering a default judgment, and holding a party in contempt of court. While it is incumbent upon a party seeking sanctions under Rule 37(b) to show that an order of the Court has not been obeyed, the harshest of sanctions are only available if there is a "clear record of delay or contumacious conduct" and the court determines that a lesser sanction is inadequate. *SEC v. First Houston Capital Resources Fund, Inc.*, 979 F.2d 380, 382 (5th Cir. 1992); *see also FDIC v. Conner*, 20 F.3d 1376, 1380 (the ultimate sanction of dismissal with prejudice is warranted only in extreme circumstances). In order to warrant the ultimate sanction of dismissal for a party's violation of a discovery order, several factors must generally be present:

> First, we have explained that "dismissal with prejudice typically is appropriate only if the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct." *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir.1990). Further, we have noted that the violation of the discovery order must be attributable to the client instead of the attorney. *Id.* We have also held that the violating party's misconduct "must substantially prejudice the opposing party." *Id.* Finally, we have indicated that dismissal is usually improper if a less drastic sanction would substantially achieve the desired deterrent effect. *Id.*; *see also Brinkmann*, 813 F.2d at 749.

*Conner*, 20 F.3d at 1380-81.

Here, the default judgment sought by Plaintiff as a sanction is not warranted. While Defendant Jacobs' conduct can be described as obstructionist, there is no clear record of "contumacious conduct" on his part. In addition, while Defendant Jacobs has not filed a response

2

to Plaintiffs' Motion for Sanctions, that failure to file a response does not allow the Court to disregard the merit of the relief requested.

Having considered Plaintiff's chronology of the events related to the scheduling of Defendant Jacobs' deposition, both monetary sanctions and a second order compelling Defendant Jacobs' deposition is appropriate. Therefore, it is

ORDERED that Plaintiff's Motion for Sanctions (Document No. 27) is GRANTED in PART and Defendants shall pay to Plaintiff, as reasonable attorneys' fees associated with the seeking of Defendant Jacobs' deposition, the amount of $5,000.00. In addition, Defendant Jacobs shall make himself available no later than March 15, 2013, for an in-person continuation of his deposition. In addition, no later than seven days after the entry of this Order, Defendants shall produce to Plaintiff all documents that are responsive to Plaintiff's requests for production. Any documents not produced by that date cannot be used by Defendants at future proceedings or in connection with any written filing. Any failure by Defendant Jacobs to appear for the in-person continuation of his deposition, as provided for herein, will result in additional sanctions, including, possibly, the entry of a default judgment.

Signed at Houston, Texas, this 26th day of February, 2013.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE