IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DIANA DELK-MCCAULEY, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | CIVIL ACTION NO. H-11-3837 |
| § | |
| PAUL S. JACOBS, individually, and PAUL § | |
| JACOBS, P.C. d/b/a THE JACOBS LAW § | |
| FIRM, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND RECOMMENDATION**

Before the Magistrate Judge upon referral from the District Judge is Plaintiff's "Third Motion Seeking Relief from the Court to End Defendants' Abuse of the Discovery Process" (Document No. 32). In that motion, Plaintiff complains about Defendant Jacobs' repeated failure to participate in discovery, his repeated failure to receive or return calls from Plaintiffs' counsel, and his repeated failure to comply with discovery Orders. Plaintiff seeks, as sanctions, the entry of a default against Defendants. Defendants have not, to this date, filed a response to Plaintiff's motion. Defendants' failure to file a response to the motion, despite the nature of the motion or the relief requested therein, is construed under the Local Rules of the District, as non-opposition to the motion.

Under FED. R. CIV. P. 37(b)(2), if a party fails to comply with a Court Order, sanctions are available as follows:

> (A) *For Not Obeying a Discovery Order*. If a party or a party's officer, director, or managing agent – or a witness designated under Rule 30(b)(6) or 31(a)(4) – fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

- (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

- (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

- (iii) striking pleadings in whole or in part;

- (iv) staying further proceedings until the order is obeyed;

- (v) dismissing the action or proceeding in whole or in part;

- (vi) rendering a default judgment against the disobedient party; or

- (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Additionally, if a party fails to provide information or fails to attend their own deposition, sanctions are also available:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

* * *

> The court where the action is pending may, on motion, order sanctions if:
>
> (i) a party or a party's officer, director, or managing agent – or a person designated under Rule 30(b)(6) or 31(a)(4) – fails, after being served with proper notice, to appear for that person's deposition; or

>(ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.
>
>\* \* \*
>
>Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

FED. R. CIV. P. 37(c)(1), (d)(1), (3). The harshest sanctions provided for in Rule 37 are available only if there is a "clear record of delay or contumacious conduct" and the court determines that a lesser sanction is inadequate. *SEC v. First Houston Capital Resources Fund, Inc.*, 979 F.2d 380, 382 (5th Cir. 1992); *see also FDIC v. Conner*, 20 F.3d 1376, 1380 (the ultimate sanction of dismissal with prejudice is warranted only in extreme circumstances).

Here, Plaintiff has once before sought the ultimate sanction of a default judgment against Defendants. On that previous occasion, there was no clear record of "contumacious conduct" on Defendants' part. *See* Order filed on February 26, 2013 (Document No. 29). Now, there is such a record. In particular, Plaintiff's motion, and the supporting attachments and exhibits, show that: (1) Defendant Jacobs failed to appear in person for his deposition on December 17, 2012, as had been agreed, and then only appeared by telephone for a short time; (2) Defendant Jacobs completely failed to appear for the continuance of his deposition on December 24, 2012, despite his agreement to appear; (3) Defendant Jacobs failed to produce any documents responsive to Plaintiff's Requests for Production despite his agreement to produce responsive documents; (4) Defendant Jacobs failed to comply with the discovery Orders filed on December 5, 2012 (Document No. 26) and February 26, 2013 (Document No. 29), which required him to appear for his deposition and produce responsive documents; (5) Defendant Jacobs failed to file a response to Plaintiff's first Motion for Sanctions (Document No. 27), and failed to file a response to the instant Motion (Document No. 32); (6) Defendant Jacobs has failed to communicate with Plaintiff's counsel, by either not taking calls or

not returning them, about the outstanding discovery issues in this case; and (7) Defendant Jacobs failed to appear for his deposition on March 13, 2013, and instead filed both a meritless Motion to Quash and a Motion for Protective Order. Given the prior sanctions assessed against Defendants, which including an award of $5,000 in attorneys' fees and the preclusion on Defendants' use of any documents not produced to Plaintiffs by March 15, 2013, Defendants' failure to comply with the Orders entered on December 5, 2012 and February 26, 2013, Defendant Jacobs' failure to appear for his deposition on numerous occasions, and Defendants' failure to produce any documents despite repeated assurances by Defendants that responsive documents would be produced, the sanction sought by Plaintiff – a default judgment – is warranted. Lesser sanctions have already been imposed, but to no avail. The ultimate sanction of a default judgment is particularly appropriate in this case where Defendant Jacobs is himself an attorney, and is acting as counsel for both himself and his law firm. Therefore, for the reasons set forth above, and as supported by the evidence in the record, the Magistrate Judge

RECOMMENDS that Plaintiff's "Third Motion Seeking Relief from the Court to End Defendants' Abuse of the Discovery Process" (Document No. 32) be GRANTED and that a default judgment be entered against Defendants pursuant to FED. R. CIV. P. 37(b)(2)(A)(vi).

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir.

1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 23rd day of April, 2013.

_____
Frances H. Stacy
United States Magistrate Judge