UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DIANA DELK-MCCAULEY, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:11-CV-3837 |
| § | |
| PAUL S. JACOBS, *et al*, § | |
| § | |
| Defendants. § | |

## OPINION AND ORDER

Pending before the Court is the Motion to Set Aside Entry of Default (Doc. 47) filed by Defendants Paul S. Jacobs, Individually, and Paul Jacobs, P.C. (collectively, "Defendants"). Under Federal Rule of Civil Procedure 55(c), a court may set aside an entry of default for "good cause." Several factors are considered in determining good cause, including "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (internal quotation marks omitted). Other factors may also be considered, provided that they inform the Court's decision based on equitable principles. *Dierschke v. O'Cheskey (In re Dierschke)*, 975 F.2d 181, 184 (5th Cir. 1992).

In this case, default was entered against Defendants for their "repeated failure" to participate in discovery, to receive or return calls from Plaintiff Diana Delk-McCauley's ("McCauley") counsel, or to comply with discovery orders. Mem. & Recommendation 1, Apr. 23, 2013 (Doc. 41), *adopted by* Order, May 9, 2013 (Doc. 44). Though default judgments are "generally disfavored in the law," the fact that these failures were intentional and contumacious is sufficient, by itself, to justify finding an absence of good cause to set aside the entry of default.

*Lacy*, 227 F.3d at 292 (internal quotation marks omitted). Moreover, the egregiousness of these failures is magnified by the fact that Defendant Jacobs is an attorney acting on his and his law firm's behalf.

Nonetheless, Jacobs has, through his supporting evidence (Docs. 47-1 to -3), articulated a meritorious defense to both of Plaintiff Delk-McCauley's causes of action, while Delk-McCauley's declaration (Doc. 50-1) offers only vague, approximate numbers to support her request for overtime compensation. These numbers are insufficient, as "[t]he court may rely on detailed affidavits or documentary evidence, supplemented by the judge's personal knowledge, to evaluate the proposed sum," but "[a]bsent any information of this type, the district court is required to hold a hearing to determine the appropriate awards for damages." *Richardson v. Salvation Army, S. Territory, USA*, 161 F.3d 7, at *1 (5th Cir. 1998) (per curiam). Likewise, Delk-McCauley's request for $23,750 in retaliation damages, Doc. 50-1 ¶ 6, is not amenable to simple calculation and would also require a hearing, *see* 29 U.S.C. § 216(b) (providing for "such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3)"); *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993) (holding that "in the context of a default judgment, unliquidated damages normally are not awarded without an evidentiary hearing").

Defendants' Motion to Set Aside Entry of Default makes clear that, at such a hearing, the argument against Delk-McCauley's requested damages amount would be the same as the argument against the merits of her case: that she did not actually work any overtime hours. Considering that adjudication on the merits is generally favored, *Lacy*, 227 F.3d at 292, and that "[t]here is no prejudice to the plaintiff where 'the setting aside of the default has done no harm to plaintiff except to require it to prove its case,'" *id.* at 293 (quoting *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960)), the Court concludes that the most equitable

result would be to allow that argument to address the merits of the case, rather than just the issue of damages.

This conclusion, however, does not ignore the contumacious conduct in which Defendants have engaged, nor does it excuse them from compliance with Court orders or cooperation in discovery. Indeed, were it not for Delk-McCauley's inability to present the detailed records necessary to calculate her requested damages, this Court would, at this moment, have no hesitation in entering default judgment against Defendants. Fortunately for Defendants, that is not the case. Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Set Aside Entry of Default (Doc. 47) is **GRANTED** and this case is reinstated. Further failure to comply with Court orders or to cooperate in discovery will result in reinstatement of default. It is further

**ORDERED** that Defendants' Motion to Substitute Counsel (Doc. 46) is **GRANTED** and Jay Aldis is substituted as attorney of record and lead attorney for Defendants in place of Paul S. Jacobs. It is further

**ORDERED** that all other pending motions (Docs. 50, 53) are **DENIED** without prejudice as moot. It is further

**ORDERED** that this case is referred to Magistrate Judge Frances H. Stacy for entry of an updated scheduling order.

SIGNED at Houston, Texas, this 1st day of August, 2013.

                                              MELINDA HARMON
                                      UNITED STATES DISTRICT JUDGE